IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

              **Plaintiff,**

    v.                                  CASE NO. 22-3314-JWL

CALVIN HAYDEN, et al.,

              **Defendants.**

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 20) and Motion for Extension of Time (Doc. 22).

In his Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 20), Plaintiff asks the Court to order the defendants to provide him with his prescribed medications, a 5-inch thick mattress, daily use of a Braun Series 9 electric razor, a typewriter, copy paper, and use of a copy machine.

First, Plaintiff does not make allegations about his medical care in the Complaint, nor does he make a claim related to being deprived of writing supplies. A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *De Beers Consol. Mines, Ltd. v. United States,* 325 U.S. 212, 220 (1945). The Court may not enter a preliminary injunction when the movant seeks intermediate relief beyond the claims of the complaint. *See Stouffer v. Eulberg,* No. CIV–09–320–C, 2010 WL 567998, at *1, *2 & n. 3 (W.D. Okla. Feb. 11, 2010) (citing *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the

moving party contends was caused by the wrong claimed in the underlying action.")).  Because most of the relief Plaintiff seeks in his motion goes well beyond the claims of the Complaint, the motion is denied.

Moreover, to obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on

public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

In his Motion for Extension of Time (Doc. 22), Plaintiff asks for an additional 45 days to respond to the Memorandum and Order to Show Cause ("MOSC") (Doc. 12). The current deadline is March 3, 2023. Plaintiff asserts that he has experienced delays in receiving his mail and that he continues to experience symptoms of long COVID. Plaintiff also asks for another copy of the MOSC and requests the appointment of an attorney.

Plaintiff's request for an extension is granted. The deadline to file a response to the MOSC is extended to April 3, 2023. However, his request for appointment of counsel is denied at this time. There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*,

393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that Plaintiff has asserted a colorable claim.  The Court has ordered Plaintiff to show cause why his Complaint should not be dismissed.  Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time.  However, this denial is made without prejudice.  If it becomes apparent that appointed counsel is necessary if this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 20) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 22) is granted in part and denied in part.  The deadline for Plaintiff to file a response to the MOSC (Doc. 12) is extended to **April 3, 2023**.  Plaintiff's request for appointment of counsel is **denied**.

The Clerk is directed to send Plaintiff another copy of the MOSC (Doc. 12).

**IT IS SO ORDERED.**

**DATED:  This 28th day of February, 2023, at Kansas City, Kansas.**

                                      **S/   John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**