IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CHARLES SCHLOBOHM,

        **Plaintiff,**

v.                                               CASE NO. 22-3314-JWL

**CALVIN HAYDEN, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Extension of Time, Issuance of Injunction, and Appointment of Counsel (Doc. 53).

This is Plaintiff's seventh request for additional time to respond to the Memorandum and Order to Show Cause ("MOSC") (Doc. 12). The MOSC was entered on February 1, 2023. The current deadline is September 24, 2023, and Plaintiff asks that the deadline be extended to September 30, 2023.

Plaintiff's request for an extension is granted. The deadline to file a response to the MOSC is extended to September 30, 2023. This is the final extension. The Court will not grant any further extension of the deadline.

Plaintiff also seeks an injunction requiring the defendants to "prevent the spoilation of evidence and preserve all Windows log files for all devices at the jail in every department." Doc. 53, at 3.

1

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that

they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

Finally, Plaintiff again asks the Court to appoint counsel to represent him. He argues that "[i]t cannot – or, should not – be that justice would demand the victim of such astonishing, traumatizing abuses just has to figure it out on his own because he presently cannot afford to hire counsel." Doc. 53, at 5.

As the Court has previously explained, there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a

colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies Plaintiff's current request for appointment of counsel without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time, Issuance of Injunction, and Appointment of Counsel (Doc. 53) is **granted in part**. The deadline for Plaintiff to file a response to the MOSC (Doc. 12) is extended to **September 30, 2023**. No further extension of this deadline will be granted. Plaintiff's requests for an injunction and for appointment of counsel are **denied**.

**IT IS SO ORDERED.**

**DATED:  This 25th day of September, 2023, at Kansas City, Kansas.**

                                  **S/   John W. Lungstrum**
                                  **JOHN W. LUNGSTRUM**
                                  **UNITED STATES DISTRICT JUDGE**